UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDREW B. BURNETT
and JEFFERY R. BURNETT,

       Plaintiffs,

                               Case No. 2:10-cv-357
v.                                  HON. ROBERT HOLMES BELL

SOCIAL SECURITY
ADMINISTRATION, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs Andrew B. Burnett and Jeffery R. Burnett, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against Defendants Social Security Administration, Robert Talentino, Timothy Longnecker, Nicole Beaudry, Jeff Schroeder, and Scotlund Stivers. For the reasons set forth below, the undersigned recommends dismissal of Plaintiffs' complaint in its entirety.

Initially, the undersigned notes that Plaintiff Jeffery R. Burnett has filed numerous civil cases in this court over the last ten years. The majority of these cases have been dismissed as frivolous:

1.     *Burnett v. Quist, et al.*, No. 2:97-cv-322 (W.D. Mich. 1997) (dismissed as frivolous on December 9, 1997).

2.     *Burnett v. State of Michigan, et al.*, No. 2:97-cv-271 (W.D. Mich. 1997) (dismissed as frivolous on November 24, 1997).

3.     *Burnett v. Doctoroff, et al.*, No. 2:97-cv-240 (W.D. Mich. 1997) (dismissed as frivolous on December 9, 1997).

4.     *Burnett v. Brown, et al.*, No. 2:95-cv-46 (W.D. Mich. 1995) (dismissed as frivolous on March 28, 1995).

5. *Burnett v. McKeague*, No. 2:94-cv-355 (W.D. Mich. 1995) (dismissed as frivolous on March 23, 1995).

6. *Burnett v. Nelson, et al.*, No. 2:94-cv-354 (W.D. Mich. 1995) (dismissed as frivolous and failing to state a claim on February 28, 1995).

7. *Burnett v. Jones, et al.*, No. 2:94-cv-353 (W.D. Mich. 1995) (dismissed as frivolous on February 24, 1995).

8. *Burnett v. Greeley, et al.*, No. 2:94-cv-245 (W.D. Mich. 1994) (dismissed as frivolous on October 13, 1994).

9. *Burnett v. United States, et al.*, No. 2:94-cv-59 (W.D. Mich. 1994) (dismissed as frivolous on May 5, 1994).

10. *Burnett v. Riggle*, No. 2:93-cv-180 (W.D. Mich. 1993) (dismissed as frivolous on October 8, 1993).

11. *Burnett v. Michigan, et al.*, No. 2:93-cv-153 (W.D. Mich. 1993) (dismissed as frivolous on September 14, 1993).

12. *Burnett v. Chippewa County Bar Assoc., et al.*, No. 2:93-cv-152 (W.D. Mich. 1993) (dismissed as frivolous and lacking subject matter jurisdiction on August 23, 1993).

13. *Burnett v. Lake Superior State Univ., et al.*, No. 2:93-cv-119 (W.D. Mich. 1993) (dismissed as failing to state a claim upon which relief may be granted).

14. *Burnett v. Lindsay & Lindsay, LLP*, No. 2:97-cv-287 (W.D. Mich. 1998).

15. *Burnett v. Magistrate Judge Timothy P. Greeley*, No. 2:10-cv-318 (W.D. Mich. 2011).

In addition, summary judgment and/or dismissal was granted to defendants in other cases filed by Plaintiff Jeffery Burnett:

1. *Burnett v. Mulhauser*, No. 2:97-cv-161 (W.D. Mich. 1997).

2. *Burnett v. McDonald*, No. 2:97-cv-159 (W.D. Mich. 1997).

3. *Burnett v. Chippewa County Sheriff, et al.*, No. 2:93-cv-6 (W.D. Mich. 1994).

4. *Burnett v. Marquette General Hospital*, No. 2:97-cv-166 (W.D. Mich. 1998).

5.  *Burnett v. Lindsay & Lindsay, LLP*, No. 2:97-cv-287 (W.D. Mich. 1998).

6.  *Burnett v. Judicial Tenure Commission*, No. 2:97-cv-160 (W.D. Mich. 1998).

7.  *Burnett v. Chippewa County Sheriff Dept.*, No. 2:06-cv-176 (W.D. Mich. 2007).

8.  *Burnett v. Chippewa County Sheriff Dept.*, No. 2:06-cv-164 (W.D. Mich. 2007).

Finally, the undersigned notes that Plaintiff failed to prosecute at least two of the cases he filed:

1.  *Burnett v. Ulrich, et al.*, No. 2:97-cv-253 (W.D. Mich. 1997) (dismissed for want of prosecution on October 6, 1997).

2.  *Burnett v. Logsdon, et al.*, No. 2:93-mc-5 (W.D. Mich. 1993).

In the opinion of the undersigned, this matter should be dismissed for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).  A complaint may be dismissed for failure to state a claim if the court determines that the plaintiff would not be entitled to relief, even if everything alleged in the complaint was true.  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

Initially, the undersigned notes that Plaintiffs' complaint in this case is largely incomprehensible.  Plaintiff Jeffery Burnett asserts that he is disabled under the "social security disability law," and that Defendants took advantage of his disability to perpetrate fraud, extortion, and embezzlement, and to maliciously destroy his property.  Plaintiff Jeffery Burnett states that he has a life estate in a house owned by his son, Plaintiff Andrew Burnett.  Plaintiffs state that Defendant Talentino rented Andrew Burnett's house from October 15, 2009, until October 15, 2010, and told Jeffery Burnett that he was the designated social security payee to Defendant Longnecker, a disabled individual receiving social security disability payments.  Plaintiffs state that Defendants

Talentino, Longnecker, and Beaudry all signed the lease. In October of 2009, Defendant Talentino paid half the month's rent, plus the security deposit, but then claimed he was no longer the social security payee and refused to furnish Plaintiffs with the new payee's name.

Plaintiffs claim that Defendants trashed the house, causing damage to the structure in the amount of $43,118.80, according to an estimate by Jeff Schroeder, of the Builtrite Construction Co., 5501 E. 12 Mile Road, Sault Ste. Marie, Michigan. Plaintiffs allege that the police had been out to the house and photographed the damage. Plaintiffs state that the house insurance paid $27,991.97 and that he met with Defendant Schroeder on April 25, 2010, to give him the money so that he could pay his plumber and heating contractor. At this point, Defendant Schroeder had completed some preliminary repairs, such as replacing some of the windows, the front porch, and painting some walls. However, since that time, Defendant Schroeder has not been back to the house to complete his work. In addition, Auto Owners has cancelled Plaintiffs' landlord/tenant insurance policy because the house had been vacant for too long. Plaintiffs assert that when the loss of monthly rent, affordable insurance and damages to the structure are added up, it would cost approximately $150,000.00 to compensate them. Finally, Plaintiffs claim that Defendant Stivers rented Andrew Burnett's other house and caused damages in the amount of $78,600.00.

The federal courts are courts of limited jurisdiction, and Plaintiffs have the burden of proving the Court's jurisdiction. *United States v. Horizon Healthcare*, 160 F.3d 326, 329 (6th Cir. 1998). Even where subject matter jurisdiction is not raised by the parties, the Court must consider the issue *sua sponte*. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998); *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 189 (6th Cir. 1993).

This Court lacks subject matter jurisdiction over Plaintiffs' claims. As noted above, Plaintiffs claim that Defendants committed fraud, extortion, and embezzlement, and that they maliciously destroyed Plaintiffs' property. Plaintiffs' claims are essentially for breach of contract. Absent diversity of citizenship, the federal courts do not have subject matter jurisdiction over such claims. *City of Warren v. City of Detroit*, 495 F.3d 282, 286-87 (6th Cir. 2007). Plaintiffs' action in naming the Social Security Administration as a Defendant and claiming that he is a recipient of benefits is insufficient to establish a federal claim. Therefore, Plaintiffs' complaint is properly dismissed.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
    TIMOTHY P. GREELEY
    UNITED STATES MAGISTRATE JUDGE

Dated: June 21, 2011