UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDREW B. BURNETT, et al.,

        Plaintiffs,

                              File No: 2:10-cv-357

v.

                              HON. ROBERT HOLMES BELL

SOCIAL SECURITY
ADMINISTRATION, et al.,

        Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

      Before the Court is Plaintiffs' objection to Magistrate Judge Timothy P. Greeley's Report and Recommendation ("R&R"). (Dkt. No. 11, Objection; Dkt. No. 9, R&R.) The Court is required review *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.* However, "a general objection to a magistrate's report . . . does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Parties are also advised that "personal aspersions, whether they be cast at opposing counsel or members of the judiciary, have no place in argument before [the Court] unless

they are strictly pertinent to a legal issue." *Id.* at 509 n.2.

In his R&R, the Magistrate Judge recommends that this Court dismiss Plaintiffs' complaint for lack of subject matter jurisdiction. (R&R at 5.) The Magistrate Judge notes that Plaintiffs' largely incomprehensible complaint appears to allege, essentially, a state law breach of contract claim. (*Id.*) The Magistrate Judge correctly notes that "[a]bsent diversity of citizenship, the federal courts do not have subject matter jurisdiction over such claims." (*Id.* (citing *City of Warren v. City of Detroit*, 495 F.3d 282, 286-87 (6th Cir. 2007)).)

Plaintiffs do not contest this determination in their Objection. Rather, they argue that the Court should recuse itself (Obj. ¶¶ 1-9), that previous dismissals in other cases based on defendants' immunity were without merit (Obj. ¶¶ 10-15), that one of them is entitled to compensation for previously dismissed complaints (Obj. ¶¶ 15-16), that one of them was made subject to criminal sexual conduct by a state court judge (Obj. ¶¶ 17-18), and that one of them has standing under federal disability statutes (Obj. ¶¶ 19-20). None of these issues address the Magistrate Judge's determination that this Court lacks subject matter jurisdiction in this action. The Court agrees with the Magistrate Judge's determination. Moreover, the Court has reviewed the R&R in its entirety and concludes that the R&R correctly analyzes the issues and makes a sound recommendation. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Objection (Dkt. No. 11) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's June 21, 2011, R&R

(Dkt. No. 9) is **APPROVED and ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that all outstanding motions in this case are **DISMISSED AS MOOT**.

Dated: July 15, 2011 	/s/ Robert Holmes Bell
	ROBERT HOLMES BELL
	UNITED STATES DISTRICT JUDGE